# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### (Miami)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:70-cv-1069-FAM |
| | ) | |
| BOARD OF EDUCATION OF HENDRY COUNTY, | ) | Chief Judge Federico A. Moreno |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff United States of America ("United States") and Defendant Board of Education of Hendry County (the "District") (collectively, the "Parties") hereby stipulate to the dismissal of this action *with* prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) as follows:

### Procedural History

1.      The United States filed this lawsuit against the District on July 8, 1970, alleging that the District continued to operate a dual school system based on race.[1]  On July 31, 1970, the Court issued a preliminary order requiring the District's conversion from a dual system to a unitary system in accordance with the requirements set forth in *Singleton v. Jackson Municipal Separate School District*, 419 F.2d 1211 (5th Cir. 1969), but reserved ruling on student assignment.  The Court adopted the District's student assignment plan on August 29, 1970, and issued a subsequent

---

[1] The original complaint also named St. Lucie County School District as a defendant.  The Court granted the St. Lucie County School District's motion for unitary status and dismissed the case on September 10, 1997.

opinion and order on August 4, 1971 (the "August 1971 Order"), directing the District to make certain modifications to the plan.[2]

2.      On January 13, 1975, the Court entered an order (the "January 1975 Order") that dissolved the August 1971 Order and permanently enjoined the District from "operating a dual system of racially identifiable schools."   The Court also ordered the District to continue to: (1) take no action to segregate students or faculty between or within schools on the basis of race, color, or national origin; (2) ensure that staff and administrators are "hired, assigned, promoted, paid, demoted, dismissed, and otherwise treated" without regard to race, color, or national origin; (3) ensure bus transportation is provided on a non-discriminatory basis; (4) ensure that all school construction, consolidation, and site selection are done to prevent the recurrence of a dual system; and (5) ensure that all inter-district transfers are permitted on a non-discriminatory basis, except that they will not be permitted "where the cumulative effect will reduce desegregation in either district."  [*Id*. at 2-3.]  The Court retained jurisdiction to enforce the permanent injunction.

3.      47 years after the initial filing of this action, on January 12, 2017, the Court granted the Parties' joint motion seeking declaration of partial unitary status and entered an order directing the District to comply with the Parties' stipulation.  [*See* Doc. 119.]  The Order states that the District "eliminated the vestiges of past *de jure* discrimination to the extent practicable" with respect to student assignment between schools, transportation, facilities, and extracurricular

---

[2] On October 29, 1971, the Court granted a motion to intervene filed by the Harlem Civic Improvement Association and Janet Powell Dixon, mother and next friend of Helen and Walter Dixon.  The United States and the District are not aware of any involvement by the plaintiff-intervenors in court proceedings since the mid-1970s.

activities.  [*Id.* at 5.]  The Court retained jurisdiction over the remaining areas and approved the Parties' stipulation.  [Doc. 119 at 6; *see* Doc 119-1.]

4.      On October 26, 2021, the Court granted the Parties' joint motion seeking declaration of partial unitary status with respect to faculty and staff recruiting and entered an order directing the District to comply with the Parties' updated stipulation.  [*See* Doc. 124.]  The Order states that the District "eliminated the vestiges of past *de jure* discrimination to the extent practicable with respect to faculty and staff recruitment."  [*Id.* at 5.]  The Court continued to retain jurisdiction over the remaining area of compliance. [Doc. 124 at 5; *see* Doc 123-1 (the "2021 Stipulation").]

5.      The court-approved 2021 Stipulation states that the District agreed to implement a plan pursuant to the 2021 Stipulation "through at least the 2021-22 school year." [Doc. 123-1 at 1.]

6.      Since 2021, the District has taken steps to implement the 2021 Stipulation's terms and provided annual reports to the United States accordingly.  As a further demonstration of its good faith compliance with the terms of the 2021 stipulation, the District agreed to take additional steps to address the provisions that had not been fully implemented as of June 30, 2022.  The United States has actively monitored the District's implementation of the Stipulation and issued requests for information to supplement the information provided by the District.  The District has responded to each of the United States' requests for information, including by providing supplemental reports for the 2022-23 and 2023-24 school years, and the United States has fully and carefully reviewed and analyzed these responses.

## Unitary Status

7.      The District is unitary with respect to the remaining area of compliance.   The

District has implemented the provisions of the 2021 Stipulation and demonstrated its full and good

faith compliance for a reasonable period.   The Parties stipulate the District has eliminated the

vestiges of the prior *de jure* segregation to the extent practicable and achieved unitary status in the

area of within-school segregation related to student discipline.

## STIPULATION OF DISMISSAL

Accordingly, the parties hereby stipulate to the dismissal of this action *with* prejudice

pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).


Dated: July 23, 2025

Respectfully submitted,


HARMEET K. DHILLON

Assistant Attorney General
United States

*/s/ Peter Feaman*
GREGORY BROWN
Deputy Assistant Attorney General
PETER FEAMAN
Senior Counsel
Florida Bar No. 260347
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC  20530
(202) 532-4475

*Counsel for Plaintiff*

*/s/ Madison A. Tanner*
Madison A. Tanner, Esq.
Florida Bar No. 1011247
Henderson, Franklin, Starnes & Holt, P.A.
1715 Monroe Street
Fort Myers, FL 33902
Tel: (239) 344-1372
madison.tanner@henlaw.com

*Counsel for Defendant*